# Exhibit B

DocuSign Envelope ID: 10E774E0 7DEC 4FA9 A10F AE523D8938CA

**ADDENDUM ONE to the SAILING YACHT PURCHASE AGREEMENT**
**between Distant Horizons LLC (SELLER) and MS Management LLC (BUYER)**
**the sale and purchase of the Sailing Yacht DASH**

**Dated: 30.06.2023**

1.  The following terms/paragraphs are hereby amended/added:

    A.  **Buyer.** Name of the Buyer is hereby amended to Blue Ether, LLC.

    B.  **Purchase Price.** The Purchase prices is hereby amended to Six Million Six Hundred Twenty-Seven Dollars and Zero Cents ($6,627,000.00 USD).

    C.  **Paragraph 5.** ACCEPTANCE DATE is amended to July 1, 2023, subject the Buyer's surveyor confirms at its earliest convenience completion of the identified Defects and subject to the below items rectified by the time of Closing.

    D.  **Paragraph 7.** Section (v) added to read as follows:
        The survey identified several issues that the BUYER and SELLER agree to resolve as follows:
        a.  Prior to CLOSING, Seller shall:
            i.  Repair the Water Maker
            ii.  Repair the Water Heater
            iii.  Order all expired items in the Med Kit.
        b.  GL Yachting USA, Inc., hereinafter "Gunboat", shall replace the front forward doors, as part of the Gunboat Limited Warranty, subject to terms and conditions.
        c.  The Blank Tank is hereby guaranteed for six (6) months. SELLER shall place in escrow Thirty Thousand Dollars ($30,000.00 USD) towards the replacement of the Black Tank. These funds are to be solely used for the performance of the replacement, and not towards any ancillary costs or expenses, such as haul out, storage, insurance, crew, loss of use, etc. Escrow Fund will be subject to the standard terms of the YBAA Escrow Agreement, attached as Exhibit A.

    E.  **Paragraph 11.** CLOSING Shall take place on or before July 10, 2023, subject to any agreed extension of time by the Parties in writing The Seller and the Buyer shall exchange Closing documents as per Exhibit 2, on the day of Closing
    F.  **Paragraph 11(iv).** BUYER and SELLER agree that the full protocols of delivery will be agreed to no later than July 3rd, 2023.

2.  Except as amended by this Addendum, the Purchase Agreement is ratified and declared to be in full force and effect.

3.  This Addendum may be signed in any number of identical counterparts, each of which will be an original (including signatures delivered via facsimile, email or other electronic means) with the same effect as if the signatures thereto and hereto were upon the same instrument.

BUYER

*Mr Michael Stock*                7/1/2023

By: Michael C. Stock                Date
*Director*
*MS Management, LLC*

SELLER

*P J Huffard*                7/2/2023

By: Paul P. Huffard                Date
*Sole Member & Manager*

*Mr Michael Stock*                7/1/2023

By: Michael C. Stock                Date
*Sole Member*
*Blue Ether, LLC*

GL YACHTING US, INC.

*Spike Abram*                7/2/2023

By: Spike Abram                Date
*Authorized Representative*

Please Initial:  SELLER: ...........PPH........................... BUYER: ...........MMS........................

DocuSign Envelope ID: 10E774E0-7DEC-4FA0-A10F-AE523D8928CA
June 30, 2023

# EXHIBIT A TO ADDENDUM OF THE
# PURCHASE AND SALE AGREEMENT
## ESCROW AGREEMENT



THIS ADDENDUM to the Purchase and Sale Agreement dated <u>May 23, 2023</u>, for the purchase and sale of the <u>GUNBOAT 68 (HIN: FR-GUN68002F919)</u>, named <u>S/V DASH</u>, hereinafter "Vessel", hereinafter, "Purchase Agreement", is made and entered between <u>BLUE ETHER, LLC</u>, as BUYER on the Purchase Agreement, and <u>DISTANT HORIZONS LLC</u>, as SELLER on the Purchase Agreement, pursuant to provisions of Paragraph 1 and 17 (miscellaneous) of the Purchase Agreement.

1. It is further agreed that, the sum of <u>Thirty Thousand Dollars ($30,000.00 USD)</u> of the PURCHASE PRICE shall be held in Escrow by <u>GL Yachting US, Inc.</u> and will be available, if necessary, to correct defects found by the Pre-Purchase Survey of the vessel's equipment, and or system(s) as described in the **Equipment/Systems (Paragraph 2)** below, which are not able to be tested and evaluated at the time of the original BUYER's marine survey (or not yet corrected by SELLER). Only equipment/systems listed in Paragraph 2 below are covered by this Escrow Agreement.

    a. The testing and trial runs are to be conducted by a professional surveyor or mechanic selected by the BUYER, and in no event later than <u>January 7, 2023</u>, provided that the selected marina and transport company can launch/commission the VESSEL and have VESSEL's equipment/systems listed in Paragraph 2 ready for testing by that date.

    b. Any testing and trial runs will take place within 3 nautical miles off _____.

    c. BUYER shall bear all costs of any testing and trial runs and of commissioning or preparing equipment/systems listed in Paragraph 2 to be tested.

    d. BUYER shall notify SELLER/LISTING BROKER:
        i. The identity of the professional surveyor or mechanic who is designated to carry out the testing.
        ii. The date that the equipment/systems listed in Paragraph 2 are to be tested.
        iii. The date that VESSEL is scheduled to be launched.
        iv. The date of any in-water trial runs for any equipment listed in Paragraph 2.
        v. Within three (3) days of the conclusion of testing and trial runs, of any (additional) repair(s), defect(s), or failure of system(s), that are discovered during the testing.
        vi. Within five (5) days of the conclusion of testing and trial runs, of the results of the testing and provide any estimate(s)/invoice(s) for repair(s).

    e. SELLER, after three (3) days from the receipt of the results of the testing and/or estimate(s)/invoice(s), shall notify BUYER, in writing, of any objection to the results, estimate(s), invoice(s), or proposed repair(s). If no objection is received, then the results, estimate(s), invoice(s), or proposed repair(s) will be deemed accepted.

2. **Equipment/Systems (*if additional space is required, state that exhibit # is attached to this addendum*):**

    **A. Black Water Tank** _____

    _____

    _____

    _____

3. In the event that any equipment/system listed in Paragraph 2 or the Vessel is winterized, before any testing of the engine or any water system, the BUYER must retain a marine professional to properly commission those systems and prepare them for

INITALS:    BUYER: _____    BUYER: _____    DATE: _____ | SELLER: _____    SELLER: _____    DATE: _____

*Use of this form by non YBAA members violates copyright laws and is subject to legal action. Valid thru 12/31/2023.*

testing, and if necessary to rewinterize the Vessel. BUYER is solely responsible for the cost(s) of such services.

4. The date in Paragraph 1(a) may be modified, upon written request of the BUYER, which SELLER shall not unreasonably withhold.

5. The BUYER will forfeit all rights to this Escrow Agreement if the testing and trial runs date exceed the agreed upon date in Paragraph 1(a).

6. Any equipment/system that is subject to this escrow shall not be operated, touched, or tampered with, in any way, by the BUYER, his representatives, agents, or family members, prior to any in-water tests or trial runs by his designated professional surveyor or mechanic.

7. The BUYER may not use the VESSEL until agreement has been reached with SELLER on any claims made by BUYER for compensation with escrowed funds.

8. These Escrow funds are not to be used for cosmetic or routine maintenance items.

9. Any violation of Paragraphs 1(d), 3, 8,6,7, or 8 by BUYER will result in the balance of the escrow to be refunded to the SELLER.

10. In the event that BUYER and SELLER cannot agree on the amount of funds in Escrow to be released for repairs, they authorize the BROKERS to hire an independent marine surveyor to determine the cost and necessity of repairs. The BUYER and SELLER shall share any cost incurred for this independent marine surveyor equally and shall be bound by the independent marine surveyor's sole determination.

11. ESCROW AGENT shall disburse the funds as follows:

    a. TO BUYER:

        i. Within three (3) calendar days of receipt of written estimate(s)/invoice(s) for repair(s) approved by SELLER;

        ii. Within five (5) calendar days of receipt of written estimate(s)/invoice(s) for repair(s) approved under Paragraph 1(d);

        iii. Within five (5) calendar days of receipt of written estimate(s)/invoice(s) for repair(s) approved under Paragraph 10;

    b. TO SELLER:

        i. Within three (3) calendar days after disbursement to BUYER, the balance of the escrowed funds, if any;

        ii. Within five (5) calendar days after the expiration date in Paragraph 1(a), the full balance of escrow;

        iii. Within five (5) calendar days after any violation of Paragraph 9 by BUYER, the balance of the escrowed funds, if any.

12. If the full amount in Escrow is not properly disbursed per the paragraphs above, either party may seek resolution to the issue under the Purchase and Sale Agreement.

13. The SELLER's liability for any defect, repair or replacement of the items identified in Paragraph 2, is hereby limited to the funds held in Escrow pursuant to this agreement.

IN WITNESS WHEREOF the BUYER and SELLER have hereunto placed their signatures as of the date written below.

BUYER _____   DATE _____

SELLER _____   DATE _____

ESCROW AGENT _____   DATE _____

**INITALS:**   **BUYER:** _____ **BUYER:** _____ **DATE:** _____ | **SELLER:** _____ **SELLER:** _____ **DATE:** _____

*Use of this form by non YBAA members violates copyright laws and is subject to legal action. Valid thru 12/31/2023.*

**EXHIBIT B to ADDENDUM ONE**
**between Distant Horizons LLC (SELLER) and**
**MS Management LLC as assigned to Blue Ether LLC (BUYER)**
**the sale and purchase of the Sailing Yacht DASH**

**DELIVERY DOCUMENTATION**

**Dated: 30.06. 2023**

Not less than five (5) days prior to the completion date (as stated in Clause (12) hereof) the **SELLER** shall provide the **BUYER** or the **BROKER** with copies of the following documents relating to the **VESSEL** for inspection by the **BUYER**:

(i)     Certificate of Registry
(ii)    Radio Licence
(iii)   Gunboat to provide CE Declaration Certificate of Conformity

The originals of the documents listed above shall be delivered to the **BUYER** onboard the **VESSEL** at the time of completion of the sale. All certificates should be full term as applicable.

On delivery of the **VESSEL** and in exchange for payment of the Sales Price, the **SELLER** shall provide the following documentation to the **BUYER** in a form suitable for the **BUYER** to register the **VESSEL** as a either a pleasure yacht or commercial vessel:

(a) CISR Bill of Sale (in two (2) originals) in favour of the **BUYER** stating the **VESSEL** to be free from all debts, claims, liens and encumbrances, duly executed by the **SELLER** with notarial attestation.

(b) Transcript of Register issued by the **VESSEL's** registration authority showing that the **VESSEL** is free from registered encumbrances and is solely owned by the **SELLER**, dated not earlier than three (3) business days prior to the date of completion of the Sale.

(c) Copies of all log books, plans, blueprints, handbooks, manuals, technical documentation, instructions etc. concerning the **VESSEL** and her equipment that are currently in the possession or control of the **SELLER**, which shall be transferred on board the **VESSEL** or otherwise placed at the disposal of the **BUYER**.

(d) Bills of Sale and invoices and/or manufacturer's statements of origin (if any), and statements of non-registration, if applicable, for each of the **VESSEL**'s tenders.

(e) Valid legal assignment by the **SELLER** to the **BUYER** of all unexpired builders'/manufacturers'' warranties/guarantees in relation to the **VESSEL** and any equipment on board the **VESSEL** (including but not limited to, the **VESSEL**'s main engine and generators and paintwork), if any.

(f) If requested by the **BUYER**, a Certificate of Deletion from the **VESSEL's** registration authority issued on the day of completion of the Sale. Such Certificate of Deletion to evidence that at the time of deletion the **VESSEL** was free from registered encumbrances and was solely owned by the **SELLER**.

(g) Crew release letters in relation to and signed by the captain and each crew member confirming that they have no outstanding claims whatsoever against the **VESSEL** or the **SELLER** and that in particular all salary, expenses, bonus, tips, holiday entitlement or pay in lieu thereof has been paid or taken, and that no payment in lieu of notice is outstanding.

(h) The original Builder's Certificate to the **VESSEL.**

(i) Copies of resolutions of the board of directors and members of the **SELLER**, authorising the sale of the **VESSEL** to the **BUYER** and further authorising persons (including any attorneys-

**Please Initial:** SELLER: *PPH* .……………….…………….. BUYER: *MMS* .……….…………………..

in-fact) to sign any and all such documents as are required to effect and conclude the sale, delivery and transfer of the **VESSEL** to the **BUYER**.

(j)  Power of attorney, with notarial attestation in favour of the **SELLER'S** attorneys-in-fact(s) giving him or them the powers mentioned in paragraph (e) of this Clause.

(k)  A certificate of good standing of the **SELLER** issued by the its place of incorporation or other appropriate evidence that the **SELLER** is a validly existing corporate entity in the jurisdiction of its place of incorporation issued not earlier than five (5) business days prior to the date of completion of the Sale.

(l)  A certificate of incumbency of the **SELLER** stating the identity of the directors and officers of the **SELLER**.

(m) A copy of the corporate documents of the **SELLER** or the equivalent constitutional documents.

(n)  Written confirmation from the registered office of the **SELLER** and the authorised representatives in the Jamaica, addressed to the **VESSEL**'s registration authority, confirming that they have no objection to the sale of the **VESSEL.**

(o)  Letter from the captain and the management company of the **VESSEL** confirming that, to the best of their knowledge, all bills, fees, taxes, charges and claims relating to the **VESSEL** and its usage have been paid or discharged.

Not later than five (5) days prior to the date of completion of the Sale, the **SELLER** shall deliver to the **BUYER** copies (defaced as necessary) and/or drafts of all the documents listed in this Clause, save for the documents listed at (b) for approval by the **BUYER**.

**IN WITNESS WHEREOF** the parties have caused their authorised signatories to sign this Addendum One the day and year written above.

Signature of **SELLER** ...........................................

7/2/2023

Name: Paul P. Huffard

Signature of **BUYER** ...........................................

Name: Mr Michael Stock

7/1/2023

**Please Initial:**  SELLER: ...................................  BUYER: ...................................

APPENDIX "AW"

**Assignment of Warranties**
**In respect of the sale and purchase of S/Y "DASH"**

**Dated:**

**Parties**

A.    **Distant Horizons LLC** (the "**Seller**")

B.    **MS Management LLC** (the "**Buyer**")

**Background**

A.    The Buyer and the Seller have entered into a Sailing Yacht Purchase Agreement dated May 23, 2023 as amended (the "**P&S Agreement**") for the sale and purchase of a Sailing Yacht "Dash", registered at Jamaica with official number JMP19052 (the "**Yacht**").

B.    It is intended that on completion of the sale of the Yacht to the Buyer pursuant to the **P&S Agreement**, the Warranties (as defined below) will be assigned by the Seller to the Buyer.

**IT IS AGREED**

1        **Definitions and interpretation**

1.1      Capitalised terms used herein but which are not defined herein have the meanings attributed to them in the **P&S Agreement**.

1.2      For the purposes of this Assignment, "**Warranties**" means any and all existing and unexpired manufacturers' warranties relating to the Yacht, its engines, equipment and/or components.

2        **Assignment**

2.1      Pursuant to the **P&S Agreement** and in consideration for the Sales Price, the Seller has agreed to assign absolutely to the Buyer all of its right, title and interest in respect of all unexpired Warranties in relation to the Yacht.

2.2      The Seller hereby assigns to the Buyer, and authorises the Buyer to exercise, to the exclusion of the Seller, all rights, benefits and powers of the Seller with respect to the Warranties without representation or recourse with respect to their force or effect.

2.3      The Buyer accepts the assignment and authorisation above, and acknowledges that the Seller is assigning the Warranties without representation or recourse with respect to their force or effect.

2.4      The Seller undertakes to reasonably assist the Buyer in enforcing any of the Warranties. Buyer will reimburse Seller all costs and expenses, including attorneys fees for any assistance requested of the Seller.

3        **Miscellaneous**

3.1      This Assignment and all non-contractual matters arising out of or in connection with this Assignment are governed by and shall be construed in accordance with the laws of State of Rhode Islands.

**Please Initial:** SELLER: …………………………….. BUYER: ……………………………..

3.2    Other than the Parties to the **P&S** Agreement, there are no third party beneficiaries intended by this assignment.

3.3    This Assignment may be executed in any number of counterparts and any single counterpart or set of counterparts signed, in either case, by all the parties hereto shall be deemed to constitute a full and original Assignment for all purposes.

**IN WITNESS WHEREOF**, the parties have signed this Assignment on the date set forth above.

Signature of **SELLER**

31FDE6DDA7964CA...

Name of signatory    Paul P. Huffard

Signature of **BUYER**

*Mr Michael Stock*

53AC906B78PB45A...

Name of signatory    Mr Michael Stock

**Please Initial:** SELLER: ..................................... BUYER: .....................................

**APPENDIX "CR"**

### <u>M/Y "REFLECT" -  CREW RELEASE LETTER</u>

To:

**I, ……………………………..………… born in ……………………………., on**

**…………………………… with ……………………….. Passport No. ………………………, hereby**

**unconditionally and irrevocably confirm as follows:**

1. I have served as …………………………….. aboard the sailing yacht "DASH", registered at the Jamaican registry with official number JMP19052 (hereinafter the "Vessel").

2. I am aware that the Vessel is about to be sold **Distant Horizons LLC** (hereinafter the "Seller").

3. I have been paid all wages, severance, expenses, bonuses, tips, reimbursements and all other compensation due arising from my service aboard the Vessel through and including the date hereof and otherwise arising out of my service on board the Vessel and no payment in lieu of notice or other payment related to the termination of my employment is outstanding.

4. I have taken all holiday due to me, or if I have not taken my due holiday entitlement, I have been paid full wages and expenses in lieu thereof

5. I have no outstanding entitlement to repatriation expenses or other flight costs.

6. I hereby waive and release any lien, charge, encumbrance or any other claim that I may have, hold or assert against the Seller and the Vessel from any source whatsoever.

**I HEREBY CONFIRM THAT I WAS NOT FRAUDULENTLY INDUCED, COERCED OR INTIMIDATED IN ANY MANNER WHATSOEVER TO SIGN THIS RELEASE AND HAVE NOT RELIED UPON ANY ORAL OR WRITTEN STATEMENT, ACT OR PROMISE MADE BY THE SELLER, THE BUYER OR THEIR AGENTS OR REPRESENTATIVES.**

Signed …………………………………………    Date………………………………….. 2017
    (Print Name)

In the Presence of the following witness:

Signature:…………………………….…………    Name:…………………………………………………

Address:…………………………………………………………………………………………………………

**Please Initial:**  SELLER: …………………………….. BUYER: ………………………………..